## JAMES B. HOLMES et al.

### v.

## JACOB J. HOLMES.

[Filed February 14th, 1900.]

A bill to set aside a deed, alleging that it was not intended to pass title unless the purchase-price was paid, and that such price was not paid, and in the event that such relief could not be granted, seeking to enforce a vendor's lien on the land, is not subject to demurrer for want of equity.

On demurrer to bill.

*Mr. Clark McK. Whittemore,* for the complainants.

*Mr. Charles H. Angleman,* for the demurrant.

GREY, V. C.

The bill in this cause shows that one of the complainants, James B. Holmes, is the grantor, and the others the grantees of a lot of land. That the complainant James B. Holmes had previously made a deed to the defendant, Jacob J. Holmes, conveying the same premises, and had entrusted him with the deed upon an agreement that it should not be recorded until the purchase-money was paid. Without paying the purchase-money, the defendant, Jacob J. Holmes, recorded the deed and insists upon his right to possession. The complainant James B. Holmes has conveyed the property to the other complainants, and they seek to have a decree that the deed made to Jacob be canceled, or if it be held not to be void, then that a vendor's lien for the purchase-money may be decreed and enforced in favor of the complainant James B. Holmes.

The bill contains an extended relation of the transfers of the title, and of the dealings of the parties, and several special prayers for relief, but the above-stated equity is apparent upon inspecting the bill, taking its narrated facts to be true.

To this bill the defendant has filed a general demurrer without specifying any causes of demurrer. The complainant objects that without some specifications of the cause of demurrer he is not apprised of the grounds upon which the defendant criticises his bill.

In *Essex Paper Co.* v. *Greacen, 18 Stew. Eq. 506,* it was declared that where the question as to sufficiency of the bill is manifest on its face, a general demurrer for want of equity without any specification of grounds would be sustained, but where the defect is so obscure that it is not readily discernible on the face of the bill, a specification of the grounds on which the demurrer is found will be required.

The demurrant in this case insists that the bill shows an apparent want of equity because he claims it asks both to set aside the deed to the defendant, Jacob J. Holmes, and recognizes its validity in asking to have the purchase-money in the same deed declared to be a lien, &c.

There is shown in the bill a most confused condition of the

title to the land, arising from the ignorance of the parties who conducted the business, as to the effect of their action. The bill sets out all that was done, and claims that the making of the deed to Jacob was merely tentative, and not intended to pass title, unless upon the happening of a certain stated event; that this event did not happen, and consequently the deed to Jacob was inoperative, and he had no right to record it, and the complainant has an equity to have a clearing of the record and a restoration of the title exactly as if that deed had never been executed. The bill also asks in the alternative that if. the first mode of relief should fail, and if for any reason that deed should stand, then that the purchase-money, which should have been paid and was not paid, may be declared a lien against the title so held to be in the defendant, Jacob J. Holmes, and that it may be enforced against it. The remedies sought are within the general scope of the equity set forth in the bill. They are asked for successively, and not concurrently, as intimated by the defendant.

· Notwithstanding the somewhat confused statement of the complainant's claim, there may be found in the bill a sufficient allegation of a right to equitable relief, to stand against a general demurrer, which goes to the whole bill, and cannot be sustained as to part only. *Banta* v. *Moore, 2 McCart. 103; Brownlee* v. *Lockwood, 5 C. E. Gr. 257.*

The demurrer should be overruled, with costs.